IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv710-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | **)** | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence filed by federal inmate Cedric Murray ("Murray").

## I.  BACKGROUND

On June 20, 2011, Murray pled guilty under a plea agreement to possession with intent

to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of

a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).  On

September 1, 2011, the district court sentenced Murray to a total of 147 months in prison.

Murray took no appeal.

On July 30, 2012, Murray filed this motion for relief under 28 U.S.C. § 2255 raising

the following claims:

> Ground One: The district court "failed to establish the extraterritorial
> jurisdiction of the United States," and therefore his conviction must be
> vacated.

> Ground Two:  "The court failed to inform the Movant of the nature and cause
> of the accusation.  The indictment failed to place any facts on the record to

establish the jurisdiction that the court was operating under."

Ground Three: His lawyer rendered ineffective assistance of counsel by "fail[ing] to investigate the facts of the case or consult with witnesses."

Doc. No. 1.

After due consideration of Murray's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal

does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

## B.  Jurisdictional Claims[1]

### *Ground One of § 2255 Motion*

Ground One in Murray's § 2255 motion reads:

GROUND ONE:  The Court failed to establish the extraterritorial jurisdiction of the United States.

> The Court failed to place facts on the record to establish the essential elements of extraterritorial jurisdiction of Title 18.  Therefore, the Court's judgment is Coram No Judice for want of Subject Matter Jurisdiction.  And must be vacated and the charges dismissed.

Doc. No. 1 at 4.

The court is not sure what Murray means here by the term "extraterritorial

---

[1] Defects in subject matter jurisdiction cannot be waived or procedurally barred.  *See United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998).

3

jurisdiction," as none of the acts relating to his conviction and sentence took place outside the United States. At the risk of making his argument for him, the court guesses Murray's underlying claim about extraterritorial jurisdiction may be that the federal court acted without jurisdiction in convicting and sentencing him because his crimes did not occur on federal land or property.

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Under Article III, § 2, cl. 1, of the Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Under 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts."); *see Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

A federal district court's jurisdiction under 18 U.S.C. § 3231 is not limited to crimes occurring on federally owned property. *See, e.g.*, *McClurkin v. United States*, 922 F.2d 843 (7th Cir. 1990); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *Cantrell v. Reno*, 36 F. App'x 651 (1st Cir. 2002); *see also Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999) ("a federal district court plainly possesses subject-matter jurisdiction over drug

cases"); *United States v. Lussier*, 929 F.2d 25, 26 (1st Cir. 1991) (rejecting "territorial" jurisdiction argument). Article I, § 8, of the Constitution empowers Congress to create, define and punish crimes, irrespective of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

Here, the indictment charged Murray with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). The indictment included allegations fulfilling every element of violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Because the indictment sufficiently alleged a violation of a "law[ ] of the United States," 18 U.S.C. § 3231, this court possessed jurisdiction over Murray's case. Furthermore, by alleging the acts at issue took place within the Middle District of Alabama, the indictment established that the United States District Court for the Middle District of Alabama was the appropriate District Court to hear this case. Ground One of Murray's § 2255 motion is therefore due to be denied. *See United States v. Trotter*, 478 F.3d 918, 920 n.2 (8th Cir. 2007) ("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss was properly denied.").

### *Ground Two of § 2255 Motion*

Ground Two in Murray's § 2255 motion states, in pertinent part:

> The court failed to inform the Movant of the nature and cause of the accusation. The indictment failed to place any facts on the record to establish the jurisdiction that the court was operating under.

Doc. No. 1 at 5.

As noted above, the indictment sufficiently alleged violations of laws of the United States and alleged that the acts at issue took place within the Middle District of Alabama. The transcript of the change of plea hearing reflects that the magistrate judge fully advised Murray of the nature of the counts in the indictment to which he was pleading guilty and reviewed the offense elements the government would be required to prove should Murray elect to go to trial. Gov. Ex. G at 7, 12. When asked if he understood what the government would be required to prove, Murray answered yes. *Id*. at 13. Ground Two of Murray's § 2255 motion is without merit and is due to be denied.

### C.  Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 668 & 694; *see Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000).

In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314; *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.

6

1994).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *See Strickland*, 466 U.S. at 687.  Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### Ground Three of § 2255 Motion

In Ground Three of his § 2255 motion, Murray contends:

The Movant was denied his 6th Amendment right to counsel.

The Movant's counsel failed to investigate the facts of the case or consult with witnesses.  The counsel was motivated, due to extreme case load, to spend as little time as possible since 97% of all Federal cases lose anyway. In the instant case, the Defense Attorney's professional obligation as an officer of the court obviously took precedent over the Movant's liberty interest.

7

Doc. No. 1 at 6-7.

As the government observes in its response to this claim (Doc. No. 10 at 17-18), Murray does not explain what actions his counsel could have taken to produce a different outcome in his case.  He does not state which facts merited further investigation, or which witnesses counsel should have consulted.  Murray's conclusory allegations here fail to establish deficient performance by his counsel[2] or any specific prejudice.  Therefore, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED, because the claims therein do not entitle Murray to relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 29, 2014.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

---

[2] In an affidavit addressing Murray's claims against her, Murray's counsel avers that she discussed the facts of the case and all charges with Murray, reviewed all statements by investigating officers, shared discovery with Murray, and also had several meetings with Murray's wife while working on the case.  Gov. Ex. J at 1-2.  Counsel also stated that her efforts facilitated Murray's assistance to investigators and thereby enabled him to receive a lower sentence under his plea agreement.  *Id*. at 2.

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of September, 2014.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE